IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAZNEED AHMED AND | § | |
| CHOWDURY AHMED, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-2821-S-BK |
| | § | |
| THE BANK OF NEW YORK MELLON | § | |
| AS TRUSTEE FOR NATIONSTAR | § | |
| HOME EQUITY LOAN TRUST 2007-B, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and *Special Order 3*, *Defendant's Motion to Dismiss*, Doc. 4, is before the Court for findings and a recommended disposition. As detailed herein, *Defendant's Motion to Dismiss* should be **GRANTED**.

    **A. Procedural History**

In December 2006, Nazneen and Chowdhury Ahmed ("Plaintiffs") executed a note (the "Note") and a deed of trust ("DOT") in favor of Nationstar Mortgage, LLC as "Lender" ("Nationstar") to purchase real property located at 7705 Sumac Road, Irving, Texas 75063 (the "Property"). Doc. 1-3 at 8-35. In April 2015, Nationstar executed an assignment of the DOT ("Assignment") in favor of Defendant Bank of New York Mellon ("Defendant"). Doc. 4-2 at 2. In September 2017, to avoid the threatened foreclosure on the Property, Plaintiffs (who are represented by counsel), filed their Original Petition in state court, asserting quiet title and trespass to try title claims and seeking declaratory relief. Doc. 1-3 at 5-6. Plaintiffs claim Defendant, who they sue as trustee for Nationstar, lacks authority to foreclose on the Property or exercise any right to sell under the DOT since it is not the owner or holder of the Note or a

"Lender" as defined in the DOT. Doc. 1-3 at 5. Plaintiffs further allege that they "are and remain the legal and equitable owners of the [P]roperty," and thus have superior title to the Property. Doc. 1-3 at 6.

In October 2017, Defendant removed the case to this Court based on diversity jurisdiction, Doc. 1, and filed their *Motion to Dismiss* pursuant to Federal Rule of Procedure 12(b)(6), Doc. 4. Plaintiffs have filed a response. Doc. 9.

### B. Applicable Law

When considering a motion to dismiss in a case removed from state court, the proper pleading standard is that of the state from which the case was removed. *Breitling v. LNV Corp.*, No. 3:15-CV-0703-B, 2015 WL 5896131, at *2 (N.D. Tex. Oct. 5, 2015) (Boyle, J.) (citations omitted). Like Rule 12(b)(6), Texas Rule of Civil Procedure Rule 91a governs dismissals for failure to state a viable claim. Indeed, Texas appellate courts have interpreted Rule 91a "as essentially calling for a Rule 12(b)(6)-type analysis and have relied on the 12(b)(6) case law in applying Rule 91a." *Id.*; *see also Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex.App.—Houston [14th Dist.] 2014) (upholding dismissal based on Rule 12(b)(6) analysis).

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Compare* TEX. R. CIV. P. 91a ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.").

In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (some internal quotation marks omitted) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To overcome a Rule 12(b)(6) motion, a complaint should "contain either direct allegations on every material point necessary to sustain a recovery… or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted) (ellipses in original). Therefore, a complaint is not sufficient if it merely contains "naked assertions" devoid of factual enhancement. *Campbell*, 43 F.3d at 975.

Furthermore, when ruling on a motion to dismiss, the court cannot look beyond the pleadings—to include the complaint and its attachments. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). "[D]ocuments that the defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

**C. Analysis**

*1. Plaintiff's Quiet Title and Trespass to Try Title Claims*

Defendant argues that Plaintiffs' *Original Petition* must be dismissed because: (1) Plaintiffs fail to state viable quiet title and trespass to try title claims, and (2) Plaintiffs have failed to plead a substantive claim to support declaratory relief or show that a genuine controversy exists between the parties. Doc. 4-1 at 4-8. Plaintiffs respond that they have alleged plausible quiet title and trespass to try title claims because their *Original Petition* includes

3

numerous allegations that Defendant has no interest in the Property due to a defect in the chain of title.  Doc. 9 at 10, 12.

To bring a successful claim to quiet title, a plaintiff must show that: (1) he has an interest in a specific property, (2) title to the property is affected by a claim from the defendant, and (3) the defendant's claim, although facially valid, is invalid or unenforceable.  *Cruz v. CitiMortgage, Inc.*, 3:11-CV-2871-L, 2012 WL 1836095, at *4 (N.D. Tex. May 21, 2012) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex.App.–Texarkana 1991)).  To succeed on a trespass-to-try-title claim, a party must "(1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned."  *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004)).  As to both quiet title and trespass to try title claims, the plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title."  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex.App.—Corpus Christi 2001) (citations omitted).

In *Plaintiffs' Original Petition*, under the section labeled "VI. CAUSE OF ACTION: QUIET TITLE & TRESPASS TO TRY TITLE," they simply assert that they are the legal and equitable owners of the Property in question and thus have superior title over Defendant.  Doc. 1-3 at 6.  As Defendant correctly argues in its motion, these statements do not suffice to state a claim for which relief can be granted as they are merely unadorned accusations.  Doc. 4-1 at 7; *Fricks*, 45 S.W.3d at 327.

Indeed, this Court has previously dismissed quiet title and trespass to try title actions framed in similar terms.  *See, e.g., Rogers v. Bank of New York Mellon*, 3:12-CV-3872-M-BK, 2013 WL 874915, at *3 (N.D. Tex. Feb. 15, 2013), report and recommendation adopted, 2013 WL 878587

4

(N.D. Tex. Mar. 11, 2013) (dismissing a quiet title action where Plaintiffs supported their quiet title claim only with conclusory assertions that they were the legal and equitable owners of the property in question); *Olaoye v. Wells Fargo Bank, NA*, No. 4:11-CV-772-Y, 2012 WL 1082307, at *4 (N.D. Tex. Apr. 2, 2012) (Means, J.) (dismissing the plaintiff's suit to quiet title and trespass to try title action where the plaintiff made only a conclusory statement that he was the legal and equitable owner of the property, and his theory as to why the foreclosure sale should be voided was meritless).  Here, just as in *Rogers* and *Olaoye*, Plaintiffs attempt to support their claims only with the conclusory averments that they are the legal and equitable owners of the Property.  Because Plaintiff's pleadings are not factually sufficient and do not establish that they have superior title to the Property, however, Plaintiffs' claims for trespass to try title and suit to quiet title should be dismissed.

    *2. Texas Business and Commerce Code Section 3.201*

    Plaintiffs essentially argue that Nationstar's Assignment of the DOT to Defendant did not also transfer Nationstar's interest in the Note, which is contract to which Plaintiff is also a party, and, consequently, was an "ineffective negotiation" of the Note.  Doc. 9 at 7.  More specifically, Plaintiff asserts the Section 3.201 *et seq.* of the Texas Business and Commerce Code requires that the assignment of the Note, as a negotiable instrument, requires that the Note be indorsed, and in this instance, it was not.  Doc. 9 at 5-7.  Plaintiff argues that consequently, Defendant is not the "Lender" as defined in the DOT – that is, a "holder of the Note who is entitled to receive payments under the Note"—and it therefore cannot invoke the power of sale under the DOT. Doc. 9 at 7.  However, nowhere in *Plaintiff's Original Petition* do they assert such violation of the Texas Business and Commerce Code, *see* Doc. 1-3, *passim*, and allegations outside of the [p]etition may not be considered by the court." *Renfrow v. CTX Mortg. Co., LLC*, No. 3:11-CV-

5

3132-L, 2012 WL 3582752, at *4 (N.D. Tex. Aug. 20, 2012) (Lindsay, J.) (citing *St. Paul Ins. Co. v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).  Thus, the Court does not consider Plaintiffs' belated argument.  The Court notes, however, that despite Plaintiffs' protestations to the contrary, their "ineffective negotiation" argument is merely a differently-packaged "split-the-note" theory,[1] which has been thoroughly debunked:

> The party to foreclose need not possess the note itself." [*Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir.2013)].  So long as it is a beneficiary named in the deed of trust or an assign, that party may exercise its authority even if it does not hold the note itself.  That is contemplated in the deed of trust and by the statute allowing mortgagees and mortgage servicers to foreclose. *See* TEX. PROP. CODE § 51.0025.

*Wiley v. Deutsche Bank Nat. Tr. Co.*, 539 Fed. Appx. 533, 536–37 (5th Cir. 2013).

### 3. Declaratory Relief

Defendant argues that Plaintiffs' request for declaratory judgment should be denied because they have failed to plead a plausible substantive claim or show that a genuine controversy exists between the parties.  Doc. 4-1 at 4.  In response, Plaintiffs contend that their request for declaratory relief is proper because there is an actual and justiciable controversy about whether Defendant may invoke the power of sale contained in the DOT.  Doc. 9 at 3.

When a plaintiff files a petition in state court seeking declaratory relief and that petition is removed to federal court, it is converted into an action brought under the federal Declaratory Judgment Act, 28 U.S.C. § 2201.  *Turner v. AmericaHomeKey, Inc.*, No. 3:11-CV-0860-D, 2011 WL 3606688, at *5 n.11 (N.D. Tex. Aug. 16, 2011) (Fitzwater, C.J.).  Under the Act, a federal court may declare the rights and legal relations of any interested party.  28 U.S.C. §2201(a).

---

[1] Regardless of why Plaintiffs contend the Note was not transferred to Defendant, the gist of their argument is that since Defendant does not also have the Note, it cannot foreclose—classic split-the-note theory.

Nevertheless, the existence of a judicially remediable right dictates the availability of a declaratory judgment. *Schilling v. Rogers*, 363 U.S. 666, 667 (1960). For the reasons discussed *supra*, Plaintiffs "have failed to plead claims on which there is a substantial likelihood of success on the merits, or the existence of a judicially-remediable right." Doc. 9 at 3-4; *Rogers*, 2013 WL 874915, at *4. Therefore, dismissal of Plaintiffs' claims for declaratory relief is warranted.

### 4. Leave to Amend

Ordinarily, a district court should allow plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Here, Plaintiffs, who are represented by counsel, have never sought leave to amend their complaint—even in their response to Defendant's motion to dismiss. In any event, permitting amendment would be futile because Plaintiffs' claims are fatally flawed, as detailed *supra*, and are simply not curable through repleading. As such, dismissal with prejudice is appropriate.

### D. Conclusion

For the reasons stated above, *Defendant's Motion to Dismiss*, Doc. 4, should be **GRANTED** and Plaintiffs' claims **DISMISSED WITH PREJUDICE**. Upon acceptance of this recommendation, the case should be closed.

**SO RECOMMENDED** on August 8, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

7

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE